## In re CARMAN.

(*Supreme Court, General Term, First Department.* January 28, 1889.)

1. GUARDIAN AND WARD—ACCOUNTING—EXPENSES OF ACCOUNTING.

The expenses incurred by a guardian in his accounting are proper to be allowed in the settlement of his accounts, and such expenses are not in the nature of costs or allowance in an action at law.

2. SAME—WHAT RECORD SHOULD CONTAIN.

To sustain an order for such an allowance, it must appear reasonable, and, if the record does not show the evidence on which it was made, it will be reversed on appeal.

Appeal from special term, New York county.

Henry Drisler and Cornelius E. Swope, guardians of Richard F. Carman, an infant, upon filing their final accounts, were allowed $250 as and for the expense of accounting, and the infant appeals from that portion of the order.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*S. W. Dexter,* for appellant. *J. Delahanty* and *H. Drisler,* for respondents.

VAN BRUNT, P. J. The court clearly had the authority to indemnify the guardians for the expenses of their accounting. The authority to award costs or allowance in addition to costs in a proceeding of this nature was not at all necessary to justify this indemnification. The court has the right to charge the trust fund with all the expenses to which the guardian may be put in order to discharge himself of his trust, and therefore whatever expenses may have been paid by him, which are reasonable and just in discharging himself from the trust with which he has been clothed, are a proper charge to be allowed by the court. It was this power which the court assumed to exercise in the granting of the allowance for the expenses of the accounting in question. It was not in the nature of costs, or of allowance in addition to costs, but an indemnity to the trustee for the expenses incurred in discharging himself of his trust.

It is probably true that at the time of the presentation of these papers to the court, as is claimed upon the part of the respondent, the matter of the amount to be allowed to the trustee was left to the court; but such does not appear upon the record, and we can only determine the question upon the facts which appear. It is necessary in order to sustain such an allowance that it should appear to be just and reasonable, and, until the evidence upon which the allowance is made is spread upon the record, we are unable to determine as to whether the court had any legal proof upon which to act, or whether it acted entirely upon its own judgment. In cases of this description, the amount of the indemnity is not in the discretion of the court, but the judgment of the court must be founded upon legal proof, and where there is no legal proof of the value of the services for which this allowance is made it cannot be sustained. The order in question must be reversed, and the case remitted to the special term for further action, without costs. All concur.